This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID FRANK VIGIL,**

Worker-Appellant,

**v.**                                                                 **No. 32,873**

**JOHNSON CONTROLS OF**
**NORTHERN NEW MEXICO,**

Employer/Insurer-Appellee.

**APPEAL FROM THE NEW MEXICO WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

David S. Proffit
Albuquerque, NM

for Appellant

Kelly A. Genova PC
Kelly A. Genova
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Worker appeals a compensation order determining that Worker is no longer entitled to medical benefits. In our notice of proposed summary disposition, we proposed to affirm. Worker has filed a memorandum in opposition, which this Court has duly considered. As we do not find Worker's arguments persuasive, we affirm.

**{2}** Worker contends that the uncontradicted medical evidence rule requires reversal in this case, because the workers' compensation judge (WCJ) should have found that there was uncontradicted medical evidence that Worker's disability was a natural and direct result of his work-related injury. [DS 7-8] In our notice of proposed summary disposition, we proposed to hold that the evidence was not uncontradicted. We pointed out that, contrary to Dr. Evans's testimony, Worker's own deposition testimony in another case indicated that he had suffered an aggravation when he was in two non-work-related car accidents. In addition, Dr. Garcia testified that it was her opinion that the 2009 accidents caused a permanent aggravation of Worker's condition, and that as a consequence, the 2009 accidents resulted in a break in causation from the original work-related injury. *See Aragon v. State Corrections Dep't*, 113 N.M. 176, 179-82, 824 P.2d 316, 319-22 (Ct. App. 1991) (holding that when a prior work-related injury is aggravated by a subsequent non-work related accident that is not part of the normal events of everyday life, such as a subsequent car accident, an employer is not liable for continued care).

2

**{3}** In Worker's memorandum in opposition, he has provided this Court with no new arguments or authority that would persuade us that summary affirmance is not appropriate in this case. Instead, Worker argues that because Dr. Garcia's testimony was equivocal at points, Dr. Evans's testimony was uncontradicted. Even assuming that any equivocation on Dr. Garcia's part would somehow nullify the ways in which her testimony contradicted that of Dr. Evans, Worker's argument disregards the fact that his own deposition testimony in another case contradicted Dr. Evans's testimony, and Dr. Evans's testimony was largely based on Worker's own self-reports to her. Therefore, the district court was not required to accept Dr. Evans's testimony on causation pursuant to the uncontradicted medical evidence rule. *See Hernandez v. Mead Foods, Inc.*, 104 N.M. 67, 70-71, 716 P.2d 645, 648-49 (Ct. App. 1986) (stating that the rule does not apply when the testimony by the Worker's expert "is contradicted, or subjected to reasonable doubt as to its truth or veracity, by legitimate inferences drawn from the facts and circumstances of the case").

**{4}** Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**{5}** **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**


_____
**M. MONICA ZAMORA, Judge**